**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JESSE HOODENPYLE**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TRANS UNION, LLC,**<br>**EXPERIAN INFORMATION SOLUTIONS, INC.**<br>**and**<br>**EQUIFAX INFORMATION SERVICES LLC**<br><br>**Defendants.** | **CIVIL ACTION NO.** |

**<u>COMPLAINT</u>**

**<u>PRELIMINARY STATEMENT</u>**

1. This is an action for damages brought by individual consumer, Jesse Hoodenpyle against Defendants Trans Union LLC, Experian Information Solutions, Inc., and Equifax Information Services LLC for violations of the Fair Credit Reporting Act ("hereafter the FCRA") 15 U.S.C. §§ 1681 *et seq.*

**<u>JURISDICTION & VENUE</u>**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

4. Plaintiff Jesse Hoodenpyle is an adult individual residing in the State of Texas.

5. Trans Union, LLC (hereafter "Trans Union") is a consumer reporting agency that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

6. Experian Information Solutions, Inc. (hereafter "Experian") is a consumer reporting agency that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 4 Gatehall Drive, 3rd Floor, Parsippany, NJ 07054.

7. Equifax Information Services LLC (hereafter "Equifax") is a consumer reporting agency that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 1500 Peachtree Street NW, Atlanta, GA 30309.

## FACTUAL ALLEGATIONS

8. Defendants, Trans Union, Experian and Equifax, have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information") from at least June 2026 through present.

9. The inaccurate information on Plaintiff's Trans Union, Experian and Equifax credit reports includes, but is not limited to, accounts with Synerprise Consulting, Verizon Wireless, Citizens Bank, First Premier Bank, Chime Stride Bank, Chime Financial, Dept. of Ed and collection accounts with Credit Collection Service, LVNV Funding, TrueAccord Corporation, and personal information that does not belong to Plaintiff but instead belongs to a person with similar name as Plaintiff.

10. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff. Due to Trans Union's, Experian's and Equifax's faulty procedures, they mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information and other personal identifying information.

11. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown from at least June 2026 through the present.

12. Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

13. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, credit defamation, invasion of privacy including from unauthorized users and/or intrusions into his highly sensitive and intimate personal information, and emotional distress including anxiety, frustration, humiliation, embarrassment, and the physical symptoms of her emotional distress.

14. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

15. At all times pertinent hereto, the conduct of the Defendants, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – VIOLATIONS OF THE FCRA

16. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

17. At all times pertinent hereto, Defendants were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

18. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

19. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

20. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

21. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

22. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants Trans Union, Experian, and Equifax based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just, and proper.

Respectfully Submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

BY: *__/s/ Mark D. Mailman__________*

MARK D. MAILMAN, ESQUIRE
GEOFFREY H. BASKERVILLE, ESQUIRE
1600 Market Street
Suite 2510
Philadelphia, PA 19103
(215) 735-8600

***Attorneys for Plaintiff***

Dated: September 23, 2026